**UNITED STATES BANKRUPTCY COURT**

**District of Delaware**

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Velti Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>Velti USA, Inc.; AdInfuse, Inc. | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>20-3774475 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>Spear Tower, 1 Market Street, Suite 1400<br>San Francisco, California<br>ZIP CODE 94105 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>San Francisco County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):

ZIP CODE

**Type of Debtor** (Form of Organization) (Check **one** box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors *

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets *

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities *

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

* Provided on a consolidated basis among the Debtors.

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): Velti Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: See attached "Rider 1" | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

## Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X ______________________________
Signature of Attorney for Debtor(s) (Date)

## Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

## Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue

(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________
(Name of landlord that obtained judgment)

______________________________
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s): Velti Inc.

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________________
Signature of Debtor

X ______________________________
Signature of Joint Debtor

______________________________
Telephone Number (if not represented by attorney)

______________________________
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________________
(Signature of Foreign Representative)

______________________________
(Printed Name of Foreign Representative)

______________________________
Date

### Signature of Attorney*

X [signature]
Signature of Attorney for Debtor(s)
Stuart Brown
Printed Name of Attorney for Debtor(s)
DLA Piper LLP (US)
Firm Name
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Address
(302) 468-5700
Telephone Number
November 3, 2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X [signature]
Signature of Authorized Individual
Sally J. Rau
Printed Name of Authorized Individual
Secretary
Title of Authorized Individual
November 3, 2013
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________________
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________________
Address

X ______________________________
Signature

______________________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# RIDER 1

## Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates Each Concurrently Filed in the United States Bankruptcy Court for the District of Delaware

Contemporaneously with the filing of this petition, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and a motion requesting joint administration of their chapter 11 cases.

1. Velti Inc.
2. Air2Web, Inc.
3. Air2Web Interactive, Inc.
4. Velti North America Holdings, Inc.
5. Velti North America, Inc.
6. Velti US Holdings, Inc.

In addition, the following affiliated entity filed in this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code:

1. Mobclix, Inc.

*[remainder of page intentionally left blank]*

# SECRETARY'S CERTIFICATE

**Dated: November 3, 2013**

The undersigned, the Secretary of Velti Inc., a Delaware corporation (the "Company"), does hereby certify the following at and as of the date hereof:

(i) attached as Annex A hereto is a true, accurate and complete copy of the resolutions (the "Resolutions") adopted by the unanimous written consent of the board of directors of the Company on November 3, 2013;

(ii) such Resolutions were adopted by the Company in accordance with the terms of the Company's Amended and Restated Certificate of Incorporation, as amended to date, and the Company's Bylaws, also as amended to date; and

(iii) such Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of the date first set forth above.

Name: Sally J. Rau
Title: Secretary

# Annex A

**UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS OF**
**VELTI INC.**

**November 3, 2013**

In lieu of a special meeting of the Board of Directors (the "Board") of Velti Inc. (the "Company"), a Delaware corporation, the undersigned, being all the directors of the Company, in accordance with the General Corporation Law of the State of Delaware, do hereby waive all notice of the time, place and purposes of a special meeting of the Board and hereby unanimously consent and agree to the adoption of the following resolutions:

**WHEREAS**, upon careful consideration and after seeking alternative solutions, the following resolutions were adopted and recorded in the minute book of the Company, and they have not been modified or rescinded, and are still in full force and effect:

**RESOLVED**, that it is desirable and in the best interests of the Company, its subsidiaries, creditors, shareholders, employees and other interested parties, to file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and the same is hereby authorized and approved; and it is further

**RESOLVED**, that the chief financial officer, president, secretary and the other officers and directors of the Company (each an "Authorized Person," and together the "Authorized Persons") be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to prepare, execute and verify the Petition in such form as the officer executing the same shall deem appropriate and as required by law and to file such petition, thereby commencing the chapter 11 case in the appropriate court together with such statements, schedules, exhibits and reports as may be required from time to time by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or order of court, and to prepare and execute all other papers and take all other actions necessary or appropriate in connection with the Company's chapter 11 case, or any superseding or other bankruptcy case; and it is further

**RESOLVED**, that the Company shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake related financing transactions, including the use of cash collateral (collectively, the "Financing Transactions"), with such lenders and on such terms as may be approved by any one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such borrowings; and it is further

**RESOLVED**, that (a) the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of and on behalf of the Company, to take such actions and execute and deliver such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Persons may deem necessary or appropriate

to facilitate the Financing Transactions, including, without limitation, any amendments, modifications, supplements, waivers or other appropriate supplemental documentation relating thereto (collectively, the "Financing Documents"); (b) execution and delivery of the Financing Documents by any Authorized Persons containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Authorized Persons shall be conclusive evidence of the approval of such Financing Documents by the Company and this Board of Directors; and (c) the actions of any Authorized Persons taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the approval thereof by the Company and this Board of Directors; and it is further

**RESOLVED**, that it may be desirable and in the best interests of the Company that the Company sells its assets and, therefore, the Company is hereby authorized to enter into an asset purchase agreement or agreements and any other agreements necessary to effectuate such sale or sales, and the Company is further authorized to file a motion to approve such sale or sales and for any related relief and to close such sale or sales, subject to Bankruptcy Court approval in the Company's chapter 11 case; and it is further

**RESOLVED**, that the law firm of DLA Piper LLP (US) shall continue to be, and hereby is, engaged as bankruptcy counsel for the Company, subject to any requisite approval of the Bankruptcy Court; and it is further

**RESOLVED**, that each Authorized Person is hereby severally authorized, directed and empowered, in the name of and on behalf of the Company, to engage professionals and advisors that such Authorized Person may deem necessary, proper, or desirable in connection with the Company's chapter 11 case, whether or not any such professional or advisor is currently providing services to the Company, subject to any requisite approval of the Bankruptcy Court; and it is further

**RESOLVED**, that each Authorized Person is hereby severally authorized, directed and empowered, in the name of and on behalf of the Company, to execute, verify and cause to be filed requests for first-day relief from the Bankruptcy Court that such Authorized Person may deem necessary, proper, or desirable in connection with the Petitions, with a view to the successful prosecution thereunder; and it is further

**RESOLVED**, that each Authorized Person is hereby severally authorized, directed and empowered, in the name of and on behalf of the Company, (i) to take or cause to be taken any and all actions, and to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (ii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (iii) to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by such Authorized Person to be conclusive evidence of such approval; and it is further

**RESOLVED**, that each Authorized Person is hereby severally authorized, directed and empowered to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such Authorized Person shall be necessary, proper, and desirable to prosecute to a successful completion of the Company's chapter 11 case or modify the obligations, organizational form and structure, or ownership of the Company consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, such Authorized Person's authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that notwithstanding anything to the contrary in the foregoing resolutions, in the event that any action to be taken by the Company in furtherance of the foregoing resolutions adversely affects, or if the Company is advised by its counsel that such action is reasonably likely to adversely affect, the interests of the Company in favor of the interests of any of the Company's Affiliates (as such term is defined in section 101(2) of the Bankruptcy Code), the Authorized Persons shall have no authority to take such action unless approved by the Company's Board of Directors; and it is further

**RESOLVED**, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

*[signature page follows]*

IN WITNESS WHEREOF, the undersigned hereby evidence written consent to the foregoing resolutions as of the date first above written.

By: ______________________________
Name: Mari Baker
Title: Director

By: ______________________________
Name: Jeff Ross
Title: Director

By: ______________________________
Name: Sally J. Rau
Title: Director

IN WITNESS WHEREOF, the undersigned hereby evidence written consent to the foregoing resolutions as of the date first above written.

By: ______________________________
Name: Mari Baker
Title: Director

By: ______________________________
Name: Jeff Ross
Title: Director

By: ______________________________
Name: Sally J. Rau
Title: Director

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc.,<br>a Delaware corporation,<br><br>Debtor. | Case No. 13-________ (______) |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS

The debtor in this chapter 11 case and certain affiliated entities (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is a list of the Debtors' twenty largest unsecured creditors on a consolidated basis (the "Top 20 List"), based on the Debtors' books and records as of the petition date. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 List does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME , TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (if secured also state value of security) |
| **T-Mobile USA, Inc.** | P.O. Box 742596<br>Cincinnati, Ohio 45274-2596 | trade debt | | $1,000,000.00 |
| **PPF Paramount One Market LP**<br>1633 Broadway, Suite 1801<br>New York, New York 10019 | Eddie Del Rosario<br>Spear Tower, 1 Market Plaza<br>Suite 345<br>San Francisco, California 94105<br>Ph. (415) 814-6436 | trade debt | | $386,411.68 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME , TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (if secured also state value of security) |
| **Sprint (Kansas City)** | P.O. Box 871197<br>Kansas City, Missouri 64187 | trade debt | | $226,089.50 |
| **Cogniance, Inc.** | Billing Department<br>1370 Willow Road<br>Menlo Park, California 94025<br>Ph. (650) 587-1518 | trade debt | | $178,535.00 |
| **Armanino LLP** | Kevin Wise<br>12667 Alcosta Boulevard<br>San Ramon, California 94583-4427<br>Ph. (925) 790-2600 | trade debt | | $159,560.00 |
| **Jesper Helt** | Jesper Helt<br>773 Rolling Hills Lane<br>Pleasanton, California 94566<br>Ph. (408) 881-2912 | employee obligation | | $150,000.00 |
| **Amazon Web Services, LLC** | Receivables Department<br>P.O. Box 84023<br>Seattle, Washington 98124-8423 | trade debt | | $146,681.84 |
| **Mobile Marketing Association** | Finance Department<br>P.O. Box 3963<br>Bellevue, Washington 98004<br>Ph. (646) 257-4515 | trade debt | | $125,000.00 |
| **SutherlandGold Group** | V. Krammen<br>430 Pacific Avenue<br>San Francisco, California 94133<br>Ph. (415) 848-7172 | trade debt | | $106,000.00 |
| **TELECORDIA** | Trinity House Charleston Road<br>Ranelagh, Dublin 6<br>Ireland | trade debt | | $93,296.84 |
| **Operative Media, Inc.** | 40 West 25th Street<br>New York, New York 10010 | trade debt | | $91,440.00 |
| **BSD Michael 101 LLC** | 485 Seventh Avenue<br>New York, New York 10013<br>Ph. (212) 971-4000 ext. 225 | trade debt | | $89,951.68 |
| **Moolah Media** | Accounting Department<br>1875 S. Grant Street, Suite 800<br>San Mateo, California 94402-7014 | trade debt | | $83,797.44 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME , TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | C U D S | AMOUNT OF CLAIM (if secured also state value of security) |
| **Airplus International** | P.O. Box 7247-6064<br>Philadelphia, Pennsylvania 19170-6064<br>Ph. (703) 373-0940 | trade debt | | $80,082.35 |
| **Jones Lang LaSalle** | Jason Volpe<br>P.O. Box 71700<br>Chicago, Illinois 60694-1700<br>Ph. (415) 354-6921 | trade debt | | $75,000.00 |
| **Napoleon Contracting Corp.** | 37-25 33rd Street<br>Long Island, New York 11101<br>Ph. (347) 448-6931 | trade debt | | $71,659.41 |
| **Pearl Meyer & Partners, LLC** | 570 Lexington Avenue, 7th Floor<br>New York, New York 10022<br>Ph. (212) 644-2300 | trade debt | | $71,358.61 |
| **SALESFORCE.COM** | Billing Department<br>P.O. Box 203141<br>Dallas, Texas 75320-3141<br>Ph. (415) 901-8457 | trade debt | | $67,327.50 |
| **San Francisco Tax Collector** | P.O. Box 7425<br>San Francisco, California 94120-7425<br>Ph. (415) 554-4400 | government obligation | | $56,098.92 |
| **Elastic Creative, Inc.** | 550 Bryant Street<br>San Francisco, California 94107<br>Ph. (415) 495-5595 | trade debt | | $56,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc., a Delaware corporation, | Case No. 13-________ (______) |
| Debtor. | |

**DECLARATION CONCERNING THE CONSOLIDATED LIST OF CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS**

I, Sally J. Rau, the Secretary of Velti Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the Consolidated List of Creditors Holding the Twenty Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: November 3, 2013

Name: Sally J. Rau
Title: Secretary

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Velti Inc.,<br>a Delaware corporation, | : | Case No. 13-________ (______) |
| Debtor. | : | |

## CONSOLIDATED LIST OF CREDITORS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of the petition, the Debtors filed a single consolidated list of creditors (the "Consolidated Creditor List"), in lieu of separate lists. Due to its voluminous nature, the Consolidated Creditor List is being submitted to the Court electronically.

[information provided in electronic format]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc.,<br>a Delaware corporation, | Case No. 13-________ (______) |
| Debtor. | |

**DECLARATION REGARDING CONSOLIDATED CREDITOR LIST**

I, Sally J. Rau, the Secretary of Velti Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the Consolidated Creditor List submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: November 3, 2013

Name: Sally J. Rau
Title: Secretary

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc., a Delaware corporation, | Case No. 13-________ (______) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS HOLDING MORE THAN 5% INTEREST BY CLASS OF SECURITY

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities/ Kind of Interest |
|---|---|---|
| Velti US Holdings, Inc.<br>Spear Tower, 1 Market Street, Suite 1400<br>San Francisco, California 94105 | common stock | 1,000 shares |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc.,<br>a Delaware corporation,<br><br>Debtor. | Case No. 13-________ (______) |

**DECLARATION CONCERNING THE DEBTOR'S LIST**
**OF EQUITY SECURITY HOLDERS**

I, Sally J. Rau, the Secretary of Velti Inc., a Delaware corporation and the entity named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have reviewed the List of Equity Security Holders submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: November 3, 2013

Name: Sally J. Rau
Title: Secretary

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Velti Inc.,<br>a Delaware corporation, | Case No. 13-________ (______) |
| Debtor. | |

**VELTI INC.'S STATEMENT PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)**

For its Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), Velti Inc. (the "Debtor") respectfully represents that Velti US Holdings, Inc. directly or indirectly owns 10% or more of the Debtor's equity interests.

*[remainder of page intentionally left blank]*

Dated: November 3, 2013
Wilmington, Delaware

Respectfully submitted,

*/s/ Stuart M. Brown*

Stuart M. Brown (DE 4050)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com

-and-

Richard A. Chesley (IL 6240877)
Matthew M. Murphy (IL 6257958)
Chun I. Jang (DE 4790)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: richard.chesley@dlapiper.com
matt.murphy@dlapiper.com
chun.jang@dlapiper.com

PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION